**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000716
26-OCT-2012
10:47 AM**

NO. CAAP-11-0000716

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALIIKEA BASHAM, aka Aliikea I. Basham,
Defendant-Appellant, and MICHAEL BASHAM, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0663)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Aliikea Basham (**Basham**) appeals from the September 19, 2011 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] following a jury trial wherein Basham was found guilty of the charge of Assault in the First Degree, in violation of Hawai'i Revised Statutes (**HRS**) § 707-710 (1993).[2]

---

[1]    The Honorable Randal K.O. Lee presided.

[2]    HRS § 707-710 provides, in relevant part:

> (1)   A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.

Basham contends, in four points of error, that the Circuit Court erred when it denied his motion for a mistrial due to prosecutorial misconduct based on:

1.	the prosecutor's reference in rebuttal closing argument to facts not in evidence;

2.	the prosecutor's statement during rebuttal closing argument that Basham reviewed a witness's initial written statement prior to Basham's own testimony;

3.	in closing argument, the prosecutor's misstatement of the law related to accomplice liability; and, for these reasons,

4.	the Circuit Court erred when it denied Basham's motion for mistrial based upon these acts of prosecutorial misconduct.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Basham's points of error as follows:

> [W]henever a defendant alleges prosecutorial misconduct, [the appellate court] must decide: (1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution.

State v. Maluia, 107 Hawai'i 20, 26, 108 P.3d 974, 980 (2005).

The harmless beyond a reasonable doubt standard "requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction."  State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999) (internal quotation marks and citations omitted).  This Court will grant a new trial or set aside a guilty verdict only where the prosecutorial misconduct has "caused prejudice to the defendant's right to a fair trial."  State v. McGriff, 76 Hawai'i 148, 158, 871 P.2d 782, 792 (1994).  We consider three factors when determining whether the alleged prosecutorial misconduct

2

reached the level of reversible error:  "[1] the nature of the alleged misconduct, [2] the promptness or lack of a curative instruction, and [3] the strength or weakness of the evidence against the defendant."  State v. Agrabante, 73 Hawai'i 179, 198, 830 P.2d 492, 502 (1992).

(1)  During closing argument, a prosecutor's statements must be based on the testimony and/or exhibits admitted into evidence and reasonable inferences from the evidence.  State v. Mainaaupo, 117 Hawai'i 235, 253-54, 178 P.3d 1, 19-20 (2008) (citation omitted).  Here, the prosecutor impermissibly referred to a fact not in evidence when, in addition to noting the testimony that Officer Barrett was no longer a policeman, he added, "[i]n fact Officer Barrett no longer lives on the island of Oahu."  The Circuit Court promptly sustained Basham's objection and ordered the jury to disregard the prosecutor's improper statement.  The statement was not repeated or further alluded to and, although improper, was by no means egregious. The remark was made in response to the defense's argument that Officer Barrett's absence should be interpreted as damaging to the eye witness's testimony.  It was uncontested, however, that the eye witness's initial "written" statement, written down by Officer Barrett because of the witness's limited English language skills, was abbreviated in comparison to her later detailed account and trial testimony.  The one-page write-up of the initial report by the eye witness, who was the victim's wife, did not include reference to Basham holding the victim down while the victim was assaulted.

The Circuit Court's instruction was immediate, clear, and further supported by the court's general instructions, including that remarks of counsel are not evidence, that the jury's decision must be based only upon the evidence presented and its reasonable inferences therefrom, and that the jury must not consider stricken evidence.  There is no reason to believe

3

that the jury did not follow the court's instructions. See <u>State v. Knight</u>, 80 Hawai'i 318, 327, 909 P.2d 1133, 1142 (1996).

Finally, although witness credibility was a critical issue in this case (<u>see</u> <u>State v. Tuua</u>, 125 Hawai'i 10, 16-17, 250 P.3d 273, 279-80 (2011)), we cannot conclude that there is a reasonable possibility that the prosecutor's single, promptly cured, reference to Officer Barrett as residing elsewhere affected Basham's conviction. There was in fact testimony in the record that Officer Barrett was no longer with the Honolulu Police Department. Officer Barrett was not a witness to the assault; the import of his testimony would have been whether the eye witness's initial statement, which the officer wrote down, failed to include that Basham held the victim down while he was assaulted. It was, however, already uncontested that the witness did not mention Basham's actions in her initial statement to the officer. Basham's counsel argued that the eye witness should not be believed because of what she omitted from her initial statement. The persuasive value of this omission was squarely before the jury and not diminished by the prosecutor's remark. Accordingly, we conclude that there is not a reasonable possibility that the prosecutor's improper remark contributed to Basham's conviction and that it was harmless beyond a reasonable doubt.

(2) We reject Basham's argument that the prosecutor engaged in a "generic tailoring" argument. The prosecutor did not argue that Basham tailored his testimony based solely on his constitutional right to be present at trial. See <u>State v. Mattson</u>, 122 Hawai'i 312, 226 P.3d 482 (2010). Rather, in response to defense counsel's specific argument that Basham's testimony was consistent with the written statement of the eye witness's initial report to police, the prosecutor specifically argued that, in his testimony, Basham tracked that written statement. Thus, the prosecutor engaged in a "specific

tailoring" argument that was directly tied to the evidence presented and Basham's argument regarding consistency with that evidence. <u>Mattson</u> allows a prosecutor to comment on a defendant's tailoring of his or her testimony to specific evidence. <u>Id.</u> at 327, 226 P.3d at 497.

(3) We reject Basham's contention that the prosecutor misstated the law by: (1) downplaying the requirement that, to find Basham guilty as an accomplice, the prosecutor had to prove beyond a reasonable doubt that Basham had the intent to promote or facilitate the commission of the assault; and (2) providing the jury with his own definitions of "promote" and "facilitate." The prosecutor did not misstate the law related to accomplice liability by either shifting the burden of proof or negating the intent requirement for accomplice liability. The record is replete with instances, during the State's closing and rebuttal closing arguments, where the prosecutor: (1) acknowledged that the prosecution has the burden of proof beyond a reasonable doubt; and (2) either referred to the jury instructions on accomplice liability or acknowledged the intent requirement. The terms "promote" and "facilitate" are not statutorily defined, and the prosecutor accurately defined the two words according to commonly understood meanings which were consistent with their dictionary definitions. Basham does not argue that the prosecutor's definitions were incorrect, only that they had the effect of downplaying the State's burden of proof. Under the circumstances of this case, including that the prosecution fully acknowledged its burden and the Circuit Court properly instructed the jury on the State's burden, we cannot conclude that the prosecutor's argument was improper.

Accordingly, we reject Basham's argument that the Circuit Court erred when it denied Basham's motion for mistrial

based upon prosecutorial misconduct.    The Circuit Court's September 19, 2011 Judgment is affirmed.

DATED:   Honolulu, Hawai'i, October 26, 2012.

On the briefs:

Thomas M. Otake
for Defendant-Appellant

Keith M. Kaneshiro
Prosecuting Attorney
James M. Anderson
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge